IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEIGH-ELLEN YARBROUGH, Individually; LEIGH-ELLEN YARBROUGH, as Guardian of Thomas Yarbrough, Jonathan Yarbrough, Nicolas Yarbrough; THOMAS YARBROUGH, a minor, by Leigh-Ellen Yarbrough, his guardian; JONATHAN YARBROUGH, a minor, by Leigh-Ellen Yarbrough, his guardian; NICOLAS YARBROUGH, a minor, by Leigh-Ellen Yarbrough, his guardian;<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SOUTH LAKE TAHOE, a municipality; TAHOE SPORTS ENTERTAINMENT (TSE), a Nevada corporation; STAN SHERER, an individual; VAN OLESON, an individual; CHRIS CEFALU, an individual; and DOES ONE through TEN, inclusive,<br><br>Defendants. | 2:12-cv-01806-GEB-AC<br><br>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE |

The October 9, 2012 Minute Order rescheduled the status conference in this case for January 14, 2013, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. (ECF No. 10.) No status report was filed as ordered.

Therefore, each party is Ordered to Show Cause ("OSC") in a writing to be filed no later than January 14, 2013, why sanctions should

not be imposed against him/her/it and/or his/her/its counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether the parties or their counsel are at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on March 4, 2013, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A joint status report shall be filed no later than fourteen (14) days prior to the status conference.

   IT IS SO ORDERED.

Dated:  January 9, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1]  "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).