UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEIGH-ELLEN YARBROUGH, individually; LEIGH-ELLEN TARBROUGH, as Guardian of Thomas Yarbrough, Jonathan Yarbrough, Nicolas Yarbrough; THOMAS YARBROUGH, a minor, by Leigh-Ellen Yarbrough, his guardian; JONATHAN YARBROUGH, a minor, by Leigh-Ellen Yarbrough, his guardian; NICOLAS YARBROUGH, a minor, by Leigh-Ellen Yarbrough, his guardian, <br><br>   Plaintiffs, <br><br>   v. <br><br> CITY OF SOUTH LAKE TAHOE, a municipality; TAHOE SPORTS ENTERTAINMENT (TSE), a Nevada corporation; STAN SHERER, an individual; VAN OLESON, an individual; CHRIS CEFALU, an individual, <br><br>   Defendants. | No.  12-cv-01806 TLN-DAD <br><br> **ORDER** |

On April 16, 2012, Plaintiffs filed a complaint in California Superior Court for the County of El Dorado.  (ECF 2-1.)  On June 09, 2012, Defendant removed this case to this court on the

1

1  basis of Federal Subject Matter Jurisdiction. (ECF 2.)[1] Plaintiffs' complaint asserts 21 separate
2  claims. Specifically, Plaintiffs assert claims for (1) breach of contract; (2) wrongful termination;
3  (3) wrongful termination – breach of implied covenant of good faith and fair dealing; (4) tortious
4  discharge in violation of public policy; (5) retaliatory termination under California Government
5  Code § 12940(h); (6) slander per se; (7) libel per se; (8) intentional infliction of emotional
6  distress; (9) negligent infliction of emotional distress; (10) preventing subsequent employment by
7  misrepresentation; (11) false light; (12) conspiracy; (13) retaliation under 42 U.S.C. § 1983;
8  (14) deprivation of civil rights due to local government policy or customs under 42 U.S.C. §
9  1983; (15) act or ratification by official with final policy making authority in violation of
10 constitutionally guaranteed rights under 42 U.S.C. § 1983; (16) violation of privileges and
11 immunities; (17) violation of equal protection; (18) violation of due process; (19) violation of
12 freedom of speech; (20) constitutional and statutory right to privacy – disseminating private
13 personnel information to other city employees and community members; and (21) breach of
14 collective bargaining agreement. Presently pending before the court is Defendant's motion for
15 Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c). (ECF 6.)

16       Because the court concludes that the complaint lacks the necessary information to place
17 Defendants on proper notice[2] and to give them adequate ability to respond as required by Rule
18 8(a) of the Federal Rules of Civil Procedure, it does not reach the merits of Defendants' motion.
19 While the complaint is saturated with conclusory statements of law, sweeping allegations of
20 general misconduct, and repetitive allegations, it remains barren of any "short and plain statement
21 of the claim[s]" as required by Rule 8(a).
22 ///
23

---

[1]  This matter was originally assigned to the honorable Garland E. Burrell, Jr.; it was later reassigned to the under signed on April 03, 2013.

[2]  The court notes that Defendants have filed an answer in this case. However, that answer was filed in state court prior to removal of this action, and thus, does not comport with federal pleadings standards. Specifically, Defendants' answer asserted a general denial of "each and every . . . allegation[] contained in [the] Complaint" pursuant to Section 431.30(d) of the California Code of Civil Procedure. (ECF 2-2.) That Defendants asserted a general denial serves to underscore the deficiencies of Plaintiffs' claims.

"It is the right and duty of a plaintiff initiating a case to file a 'short and plain statement of the claim.'" Hearns v. San Bernadino Police Dept., 530 F.3d 1124, 1127 (9th Cir. 2008) (citing FED.R.CIV.P. RULE 8(a)(2)).

> Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud. Federal judges have better things to do, and the substantial subsidy of litigation (court costs do not begin to cover the expense of the judiciary) should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim.

Sahaj-Myers v. Cnty. of El Dorado, 2011 WL 86631 at *1 (E.D. Cal. Jan. 10, 2011) (quoting U.S. ex rel. Garst v. Lockheed–Martin Corp., 328 F.3d 374, 378 (7th Cir.2003)); see also McHenry v. Renne, 84 F.3d 1172 (9th Cir.1996) (affirming district court's dismissal on Rule 8 grounds.)

Here, "the court is troubled by the lack of coherent organization of the factual allegations" and corresponding legal assertions as they pertain to the specific claims and the various Defendants. Hunt v. Cnty. of El Dorado, 2011 WL 86360 at *1 (E.D. Cal. Jan. 10, 2011). The court is also concerned by the "kitchen sink" pleading approach in which Plaintiffs assert twenty-one claims, many of which the court seriously doubts are cognizable. See Independent Towers of Washington v. Washington, 350 F.3d 925, 929 (9th Cir. 2003) ("when reading [plaintiff's] brief, one wonders if [plaintiff], in its own version of the 'spaghetti approach,' has heaved the entire contents of a pot against the wall in hopes that something would stick.") For example, Plaintiff Ms. Yarbrough admits that she is an independent contractor, but still asserts claims for breach of contract. Plaintiff Ms. Yarbrough asserts a claim for breach of the collective bargaining agreement, but does not allege that she was a party to the agreement. Plaintiff, in conclusory fashion, alleges that Defendants, Tahoe Sports Entertainment, a private entity, is an agent of the city, but does not allege what facts support the legal conclusion that it is indeed an agent of the city.

Many of Plaintiff's claims are also repetitive. For example, Plaintiff Ms. Yarbrough's claims for wrongful termination, wrongful termination – breach of implied covenant of good faith and fair dealing, and tortious discharge in violation of public policy, all arise from the same common nucleus of operative facts—that Defendants violated an alleged written employment

agreement.  Moreover, after scrupulous review of the complaint, the court often finds it difficult to discern specifically what claim Plaintiffs are asserting and what specific facts support that claim.  For example, Plaintiffs press a claim for violation of due process, but fail to delineate whether this is a claim for violation of procedural or substantive due process.

Finally, as Plaintiffs' general factual allegations, which are incorporated under each claim, set forth a wide range of purported misconduct by Defendants, it is unclear which misconduct forms the basis of each of Plaintiffs' twenty-one claims for relief. As such, the complaint does not provide defendants with "fair notice" of the nature of the claims or the "grounds" on which the claims rest. See Bell Atlantic Corp. v. Twombly, 555 U.S. 544, 555 (2007) ("A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .").

Plaintiffs' briefing in opposition to Defendants' motion fails to remedy the "unadorned the defendant-unlawfully-harmed-me accusation[s]" in the complaint. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  For example, in opposition to Defendants' motion for judgment on the pleadings on Plaintiffs' claim for "ratification by official with final policy making authority," Plaintiff Ms. Yarbrough merely states that "Plaintiff pleads enough facts to state a claim for relief [under 1983] that is plausible on its face."  (ECF 11 at 22:12-15.) (internal quotations omitted). Plaintiff Ms. Yarbrough's belief that the complaint satisfies Rule 8(a) does not equate to the complaint actually satisfying Rule 8(a).  As many courts have explained, "judges are not like pigs, hunting for truffles buried in briefs." Macawile v. PRO30Funding, 2012 WL 2912349 at *3 (E.D. Cal Jul. 16, 2012) (quoting Guatay Christian Fellowship v. County of San Diego, 670 F.3d 957, 987 (9th Cir.2011)).

To permit Plaintiffs to proceed on the submitted complaint would seriously undermine the goal of Rule 8 in encouraging the fair and expeditious resolution of disputes. Therefore, for the foregoing reasons, the court makes the following orders:

(1) Plaintiffs shall file and serve a first amended complaint within twenty (20) days of the date of this order, which complies with Rule 8(a). Plaintiffs shall supplement their complaint with pertinent information which will allow Defendants to properly and fully

4

answer it.

(2) Defendants shall file their responses to the first amended complaint within 30 days of service thereof.

(3) Defendants' pending motion for judgment on the pleadings is VACATED as MOOT.

Dated: October 23, 2013

                                                Troy L. Nunley
                                                United States District Judge